# UNITED STATES BANKRUPTCY COURT
## Western District of Wisconsin
**www.wiwb.uscourts.gov**

### Chapter 13 Plan (Individual Adjustment of Debts)

XXXXXXXXXX
[ ] ____ Amended Plan (Indicate 1st, 2nd, etc. amended, if applicable)
[X] 1st Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable)

DEBTOR: **Clausen, Laurie C.**        JOINT DEBTOR: _____        CASE NO: **20-21092**
SS# _____        SS# _____

## I. NOTICES

To Debtors:   Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans shall be served upon all creditors and a certificate of service filed with the Clerk pursuant to Local Rule 3015-1.

To Creditors:   Your rights may be affected by the plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified or eliminated.

To all Parties:   The plan contains no nonstandard provisions other than those set out in paragraph VIII. Debtor(s) must check one box on each line listed below in this section to state whether the plan includes any of the following:

| | | |
|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to secured creditor | [ ] Included | [X] Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | [ ] Included | [X] Not included |
| Nonstandard provisions, set out in Section VIII | [ ] Included | [X] Not included |

TO ALL PARTIES:
**Unless otherwise provided for in this plan, the Trustee shall disburse payments in the following order: administrative expenses including trustee and attorney fees, secured claims, priority claims, general unsecured claims.**

## II. PLAN PAYMENTS, LENGTH OF PLAN AND DEBTOR(S)' ATTORNEY'S FEE

A. **MONTHLY PLAN PAYMENT:** This Plan pays for the benefit of the creditors the amounts listed below, including trustee's fees beginning 30 days from the filing/conversion date.

A. $XXXXXXXXXX;   $200.00 per month for 12 months or until paid

B. **DEBTOR(S)' ATTORNEY'S FEE**: [X] NONE  [ ] PRO BONO
Total Fees: $ **0.00**      Total Paid: $ **0.00**      Balance Due: $ **0.00**
Payable $ **None**/month (Months  to  )
Allowed fees are itemized below:

Applications for compensation must be filed for all fees over and above the Court's Guidelines for Compensation.

## III. TREATMENT OF SECURED CLAIMS

A. **SECURED CLAIMS: [X]** NONE
[Retain Liens pursuant to 11 U.S.C. § 1325 (a)(5)] Mortgage(s)/Liens on Real or Personal Property:

1. Creditor: **None** _____        Arrearage / Payoff on Petition Date $
                                          Arrears Payment $ /month
                                          Regular Payment $ /month

Other:

Real Property
 Principal Residence
 Other Real Property
 Address of Collateral:

Check one below for Real Property:
 [ ] Escrow is included in the regular payments
 [ ] The debtor(s) will pay [ ] taxes [ ] insurance directly

Personal Property/Vehicle
 Description of Collateral:

B. **VALUATION OF COLLATERAL:** [ ] NONE
IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED. A SEPARTE MOTION WILL ALSO BE SERVED UPON YOU PURSUANT TO BR 7004 AND LR 3015-1.

1. **REAL PROPERTY:** [X] NONE

1. Creditor: XXXX  Crawford County Treas

Value of Collateral: $ 73,000
Value of Creditor's Lien: $

Interest Rate: 12%

**Payment**

Total paid in plan: $ 7410.00 apprx

$ /Months  180.00

Real Property
 Principal Residence X
 Other Real Property
 Address of Collateral: 16726 S Hwy 131
                         Gays Mills, WI
                         54631

Check one below for Real Property:
 [X] Escrow is included in the monthly mortgage payment listed in this section
 [ ] The debtor(s) will pay
 [ ] taxes [ ] insurance directly

2. **VEHICLE(S):** [X] NONE

1. Creditor: **None**

Value of Collateral: $
Value of Creditor's Lien: $

Interest Rate:

**Payment**

Total paid in plan: $

Adequate Protection Payment:

Equal Monthly Payment:

VIN:
Description of Collateral:

Check one below:
 Claim incurred 910 days or more pre-petition
 Claim incurred less than 910 days or more pre-petition

3. **PERSONAL PROPERTY:** [ ] NONE

| | | |
|---|---|---|
| 1. Creditor: **property taxes** | Value of Collateral: $ **0.00** | Payment |
| Address: | Value of Creditor's Lien: $ **1,500.00** | |
| Last 4 Digits of Account No: | Interest Rate: **12.00%** | Total paid in plan: $ **1,545.84** |
| | | $ **257.64** /Months |

Description of Collateral:

Check one below:
[ ] Claim incurred 1 year or more pre-petition
[X] Claim incurred less than one year pre-petition

    C. **LIEN AVOIDANCE** [X] NONE
       [ ] Judicial liens or nonpossessory, nonpurchase money security interests securing the claim will be avoided to the extent that they impair the exemptions under 11 U.S.C. § 522 as listed below. A separate motion will also be served pursuant to BR 7004 and LR 3015-1.

1. Creditor: **None**                                Collateral:


    D. **SURRENDER OF COLLATERAL** Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.

       [X] NONE
       [ ]    The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors.
       [ ] Other: ____

| | Name of Creditor | Account No. | Description of Collateral (Address, Vehicle, etc.) |
|---|---|---|---|
| 1 | **None** | | |

    E. **DIRECT PAYMENTS** Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.

       [X] NONE
       [ ] The debtor(s) elect to make payments directly to each secured creditor listed below. The debtor(s) request that upon confirmation of this plan the automatic stay be terminated in rem as to the clebtor(s) and in rem and in personam as to any codebtor(s) as to these creditors. Nothing herein is intended to terminate or abrogate the debtor(s)' state law contract rights.

| | Name of Creditor | Last 4 Digits of Account No. | Description of Collateral (Address, Vehicle, etc.) |
|---|---|---|---|
| 1 | **None** | | |


IV. **TREATMENT OF FEES AND PRIORITY CLAIMS** [as defined in 11 U.S.C. §507 and 11 U.S.C § 1322(a)(4)]

    A. **ADMINISTRATIVE FEES OTHER THAN DEBTORS(S)' ATTORNEY'S FEE:** [X] NONE
       Name: ~~XXXX~~ Chapter 13 Trustee  $20.00 per month
       Payment Address:
       Total Due:
       Payable: /month

    B. **PRIORITY TAX CLAIMS**: [X] NONE
       Total Due $ **None** Plus Interest (if applicable)  Total Payment $
       Payable $ /month

**C. DOMESTIC SUPPORT OBLIGATION(S)**: **[X]** NONE  **[ ]** Current and paid outside
Name of Creditor: **None**
Payment Address:
Total Due: $
Payable $ /month
Regular Payment (if applicable) $ /month

**D. OTHER**: **[X]** NONE
Name of Creditor: **None**
Payment Address:
Total Due: $
Payable $ /month
Regular Payment (if applicable) $ /month

**V. TREATMENT OF UNSECURED NONPRIORITY CREDITORS**
  A. Pay $ **None**/month
  Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

  B. [ ] If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.

  C. **SEPARATELY CLASSIFIED**: **[X]** NONE
  Name of Creditor: **None**

  Basis for Separate Classification
  Payable $ /month
  *Debtor(s) certify the separate classification(s) of the claim(s) listed above will not prejudice other unsecured nonpriority creditors pursuant to 11 U.S.C. § 1322.

**VI. EXECUTORY CONTRACTS AND UNEXPIRED LEASES** Secured claims filed by any creditor/lessor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.

  **[X]** NONE
  [ ] Unless provided for under a separate section, the debtor(s) request that upon confirmation of this plan, the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors/lessors. Nothing herein is intended to terminate or abrogate the debtor(s)' state law contract rights.

|   | Name of Creditor | Collateral | Acct. No.(Last 4 Digits) | Assume/Reject |
|---|---|---|---|---|
| 1 | **None** | | | Assume   Reject |

**VII. INCOME TAX RETURNS AND REFUNDS**
  [ ] Debtor(s) will not provide tax returns unless requested by any interested party pursuant to 11 U.S.C. § 521.

  [ ] The debtor(s) is hereby advised that the chapter 13 trustee has requested that the debtor(s) comply with 521(f) 1-4 on an annual basis during the pendency of this case. The debtor(s) will not provide tax returns unless requested by any interested party pursuant to 11 USC 521. If returns are requested, the debtor(s) hereby acknowledge that the deadline for providing the Trustee with their filed tax returns is on or before May 15 of each year the case pending.

**VIII. NON-STANDARD PLAN PROVISIONS [X]** NONE

  [ ] Nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.


  [ ] Mortgage Modification Mediation


The Chapter 13 Mortgage Modification Mediation Program in the Western District (MMMWD) is a program in the U.S. Bankruptcy

Court for the Western District of Wisconsin to help qualified Chapter 13 debtors keep their homes. MMMWD is designed for Chapter 13 debtors who cannot afford their current mortgage payment, but have steady income to pay a modified mortgage payment. MMMWD sets up an informal meeting between the debtor and the lender conducted by a neutral mediator who acts as a discussion facilitator. The mediator cannot force a lender to modify a mortgage, but can help the debtor and the lender reach an agreement. MMMWD is a way for the debtor and lender to discuss whether modifying the mortgage is possible.

MMMWD is a voluntary program, and MMMWD has the support of the Bankruptcy Court. The Judges encourage qualified Chapter 13 debtors and lenders to try the program. MMMWD has been designed with protections for debtors and lenders alike.

To start the process, the debtor files a Motion to Participate in MMMWD and serves a copy on the lender. The lender has 30 days to respond to the Motion. The Motion states the requirements to qualify for MMMWD, including:

- Debtor has regular income and is the owner occupant of a residential property used as debtor's properties do not qualify).

- Debtor has a mortgage balance of less than $729,750, and the mortgage payment is not affordable

- Debtor will make monthly post-petition mortgage payments of 31% of debtor's gross monthly income mortgage payment, whichever is less, starting the next monthly scheduled due date (plus any grace period) after the Stipulation is filed.

- Debtor must have filed complete bankruptcy schedules, and must provide lender with required documents Loss Mitigation Portal, however the lender is not required to use the Portal and can request alternative document transmission. Toregister for the Portal, go to www.dclmwp.com.

- Debtor must pay a mediation fee of $200 to the mediator and attend the mediation session. Debtor Loss Mitigation Portal. These fees are not refundable under any circumstances. The mediation is to be completed within 75 days of the appointment of the mediator.

- If MMMWD is successful and the mortgage is modified, the debtor agrees not to voluntarily dismiss months, to enable the debtor to establish a track record of paying the modified mortgage payments.

- If MMMWD is not successful, the debtor agrees that either the automatic stay will be lifted or amended Chapter 13 plan to pay the original mortgage.

Mortgage lenders participating in MMMWD will also pay $200 to the mediator, and will upload their document requests and review documents and forms using the DMM Loss Mitigation Portal. Lenders who are willing to participate in the program, but are not yet set up to use the Portal may participate by special permission of the Judge. Lenders are encouraged to use the Portal as it is the most cost-effective way for the Debtor to provide the required documents. By consenting to MMMWD, the lender agrees to appoint a representative with knowledge of the lender's loss mitigation programs and either settlement authority or access to an underwriter with settlement authority. This representative will participate in the mediation sessions by telephone or video conference. The lender also agrees to act promptly and in good faith to consider the Debtor's mortgage loan for modification. If the MMM is successful, the lender will promptly prepare the necessary documents, and, if requested, the Court will approve any modification agreed upon by the debtor and lender.

By participating in MMM, the lender and debtor agree to entry of a Mortgage Modification Mediation Order. The proposed order pdf document must include the motion to participate. Debtors and lenders are encouraged to read the terms of the Motion, Consent and Order to familiarize themselves with the terms of the program.

Debtors' counsel should indicate their intention to participate in MMMWD within the plan. Below is model language:

(A) The Debtors will be circulating a Stipulation to participate in the Mortgage Modification Mediation Program sanctioned by the United States Bankruptcy Court for the Western District of Wisconsin.

(i) As such, the Trustee shall not pay on any claims for the Debtors' mortgage debt on the homestead real estate located at 1234 Main Street, Madison, WI

(ii) Upon successful completion of a mortgage modification, all mortgage claims, including any arrearage and/or supplemental claims, will be addressed and paid outside of the plan.

(iii) If the mediation is unsuccessful and there is no mortgage modification reached, the Debtors will file a feasible plan to address any and all mortgage arrearage claims or surrender the real estate in question.

(iv) The time period to successfully complete a mortgage modification and/or to file a feasible plan in the event of an unsuccessful mediation will be controlled by the procedure and guidelines of the aforementioned Mortgage Modification Mediation Program.

Questions about MMM can be directed to the MMMWD Mediator Management Committee via email at: cstevenson@murphydesmond.com and clerk@mediatewisconsin.com

**PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.**

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

**/s/ Laurie C. Clausen**   elec signature by debtor authorized by debtor on telephone.
Debtor                                                                      Joint Debtor

Date: **October 27, 2020**                                         Date: _____

**/s/ William Green**  /s/William H. Green
Attorney with permission to                                        Date: **October 27, 2020**
Sign on Debtor(s)' behalf

**By filing this document, the Attorney for Debtor(s) or Debtor(s), if not represented by counsel, certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph VIII.**